FILED
11 FEB 16 AM 8:33
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAVIER SAN ROMAN,

Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

Defendant.

Case No. 09-CV-2400 BEN (CAB)

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE OBJECTION 1-DAY LATE;**

**(2) OVERRULING PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE;**

**(3) ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE;**

**(4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND**

**(5) GRANTING COMMISSIONER'S CROSS-MOTON FOR SUMMARY JUDGMENT**

[Doc. ## 16–20]

## I.

## INTRODUCTION

Plaintiff Javier San Roman objects to a Report and Recommendation issued by United States Magistrate Judge Cathy Ann Bencivengo on December 30, 2010. ("Report" [Doc. # 18].) In that Report, the Magistrate Judge recommended that the Court affirm the

Commissioner of Social Security's denial of disability-insurance benefits to Plaintiff by denying Plaintiff's Motion for Summary Judgment and granting the Commissioner's Cross-Motion for Summary Judgment. Magistrate Judge Bencivengo found that the administrative law judge's written opinion, which formed the basis for the Commissioner's ultimate denial of Plaintiff's claim, was supported by substantial evidence and was not legally erroneous.

Plaintiff's Objection – filed 1-day late with a motion for leave to do so – challenges only one aspect of the Report: Plaintiff maintains that the Social Security Administration's Appeals Council improperly characterized and thereupon rejected a letter that Plaintiff's physician submitted after the administrative hearing. Plaintiff argues that the Magistrate Judge compounded the administrative error by sanctioning it with impermissible "post hoc" justifications, herself.

This Court has reviewed the applicable law, the administrative record, Plaintiff's Motion for Summary Judgment, the Commissioner's Opposition and Cross-Motion, the Magistrate Judge's 17-page Report, Plaintiff's Objection, and the Commissioner's Reply. The Court finds that this matter may be determined upon the moving papers without oral argument. Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); CivLR 7.1(d)(1) ("A judge may, in the judge's discretion, decide a motion without oral argument.").

As an initial matter, Plaintiff San Roman's Motion for leave to file his Objection 1-day late, citing technological problems with the Court's Electronic Case Filing system, is **GRANTED**. However, the Court finds that Plaintiff's Objection is unsupported. Accordingly, the Objection is **OVERRULED**, the Report of the Magistrate Judge is **ADOPTED** as the opinion of this Court, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's Cross-Motion for Summary Judgment is **GRANTED**.

## II.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff San Roman protectively applied for disability-insurance benefits on January 17, 2006. (Administrative Record ["AR"] at 261). Plaintiff asserts that he became disabled

on July 4, 1999, due to multiple-chemical sensitivities, as well as "chronic fatigue, dizziness, cloudy thinking, insomnia, nervous system pain, joint pain, various allergic reactions, [and] chronic asthma." (*Id.* at 251, 253 & 234.) The Commissioner of Social Security ("Defendant" or "Commissioner") denied Plaintiff's application both initially and upon reconsideration. (*Id.* at 178–82, 184–88.)

**A. The Administrative Proceedings Below**

At Plaintiff's request, and after a continuance that Plaintiff also requested, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's claim on March 19, 2008. (AR at 153–59.) Plaintiff attended without his attorney, whose request to appear telephonically was denied by the ALJ. (AR at 168.) On April 1, 2008, the ALJ issued a written order denying Plaintiff's claim. (AR at 165–77.) The ALJ's order set forth the following findings:

1. Plaintiff was insured for disability insurance benefits from July 4, 1999, through June 30, 2000. (AR at 170.)

2. Plaintiff did not engage in substantial gainful activity in the period from July 4, 1999 to June 30, 2000. (AR at 171.)

3. Through June 30, 2000, Plaintiff had the following medically-determinable impairments that, in combination, are considered "severe" under the Social Security Act and its regulations: sensitivity to chemicals and fumes, onychomycosis affecting the right foot, allergic rhinitis, and sinusitis. (AR at 171 [citing 20 C.F.R. § 404.1520(c)].)

4. Through June 30, 2000, the date Plaintiff was last insured for disability-insurance benefits, he did not have an impairment – or a combination of impairments – that met or medically-equaled one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (AR at 171 [citing 20 C.F.R. §§ 404.1520(d), 404.1525 & 404.1526].)

5. Plaintiff "had the residual functional capacity to perform work activity at the sedentary exertional level, lifting and carrying up to ten pounds, sitting for six hours per eight-hour workday, and standing and walking for two hours per eight-hour workday[] with the following nonexertional limitations: never climbing ladders, ropes or scaffolds; never

balancing, kneeling or crawling; occasionally climbing ramps and stairs; occasionally stooping and crouching; avoiding even moderate exposure to chemicals, dust, fumes, gases, molds, perfumes and colognes; and limited to unskilled work with no close or frequent interpersonal contact with supervisors, co-workers, or the public." (AR at 171.)

Plaintiff thereafter requested that the Appeals Council review the ALJ's decision. (AR at 150–51.) The Appeals Council denied Plaintiff's request (*id.* at 1–3) and, thus, made the ALJ's decision that of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

**B. Civil Action Seeking Review of the Commissioner's Denial**

Having exhausted his administrative remedies, Plaintiff San Roman brought this action, pursuant to the Social Security Act ("the Act"),[1] to obtain judicial review of the Commissioner's denial. (Compl. [Doc. # 1] ¶ 1.) Plaintiff thereafter filed a Motion for Summary Judgment ("MSJ" [Doc. # 16]). The Commissioner filed a timely Opposition, as well as his own Cross-Motion for Summary Judgment (collectively, "Cross MSJ" [Doc. # 17]). Plaintiff did not file an opposition to the Cross MSJ.

**1. Plaintiff's Motion for Summary Judgment**

Plaintiff's MSJ challenged the Commissioner's denial of benefits on essentially two grounds: (a) that the ALJ and/or the Appeals Council improperly weighed or rejected Plaintiff's physicians' reports; and (b) that the ALJ erred in conducting the hearing without Plaintiff's attorney.

First, Plaintiff argued that the SSA's Appeals Council improperly rejected a May 26, 2009 letter from Dr. Gunnar Heuser and that the ALJ failed to give clear and convincing reasons for rejecting the opinions of two other treating physicians, Dr. William Rea and Dr. Jonathan Wasserberger. (MSJ at 5–6, 8.) Plaintiff argued that, despite the late date of the letter, Dr. Heuser's opinion related to Plaintiff's condition as of April 2000. (*Id.* at 6.) Plaintiff further insists that, because the Heuser Letter is not contradicted by any other doctor, it should have been considered in the absence of "clear and convincing reasons." (*Id.*)

[1] *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

Similarly, Plaintiff protested that the opinions of Dr. Rea and Dr. Wasserberger should have been accepted by the ALJ, since they were "uncontradicted." (MSJ at 8.)

Second, Plaintiff avers that it was a mistake for the ALJ – upon whose written decision (AR at 165–77) the Commissioner rested his final denial of benefits – to hold the administrative hearing without Plaintiff's attorney. (MSJ at 6–7.) Plaintiff argues that the ALJ should have granted Plaintiff's attorney leave to appear telephonically at the administrative hearing in view of the attorney's asserted, travel-limiting disability. (*Id.* at 7.)

**2. The Commissioner's Cross-Motion for Summary Judgment**

The Commissioner maintains that substantial evidence supports the denial of benefits and that the decision denying benefits applied the proper legal standards. Specifically, the Commissioner argues that the Heuser Letter did not relate to the relevant 12-month period under review, from July 4, 1999 to June 30, 2000 (AR at 13), and that the ALJ properly discounted the opinions of treating physicians Heuser, Rea, and Wasserberger. (Cross MSJ [Doc. # 17-1] at 12–13.) According to the Commissioner, Dr. Rea's opinion deserved no weight because: (a) his report contradicted Plaintiff's medical records and test results (*id.* at 12–13), (b) the Texas Medical Board itself questioned Dr. Rea's credibility, and (c) his claims of specialty-board certification were false. (*Id.* at 12–13.) Although Dr. Wasserberger's opinion was also inconsistent with Plaintiff's medical records and test results and although Dr. Wasserberger apparently also made unsubstantiated claims regarding his medical certification, his opinion ***was*** credited insofar as it pronounced Plaintiff physically limited to a range of sedentary work. (*Id.* at 12.)

As for Plaintiff's requests to continue his hearing a second time and to be allowed to appear telephonically with his attorney, the Commissioner avers that these requests were properly denied and, in any event, did not prejudice Plaintiff's rights at the hearing. (Cross MSJ at 10–11.) The Commissioner argued that Plaintiff did not have grounds for either a mandatory continuance (*i.e.*, a family emergency or inclement weather) or a discretionary one where Plaintiff's counsel waited until days before the hearing to request more time to prepare his case. (Cross MSJ at 11.) With regard to the denial of a telephonic appearance, the

Commissioner asserted that, although Plaintiff and his attorney claimed that they both suffered from multiple-chemical sensitivities which limited them to clean rooms, Plaintiff had taken trips to Mexico for noncritical surgery and Plaintiff's attorney had refused reasonable accommodations to hold the hearing in a paper-product- and perfume-free room. (Cross MSJ at 10–11.)

**C. The Magistrate Judge's Report**

On December 30, 2010, Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation in wh ich she recommended that the Court deny Plaintiff's Motion for Summary Judgment and grant the Commissioner's Cross-Motion for Summary Judgment. ("Report" [Doc. # 18].) The Magistrate Judge determined that: (1) substantial evidence supported the ALJ's denial, (2) the ALJ provided specific and legitimate reasons for discounting the opinions of Dr. Rea and Dr. Wasserberger, (3) the Appeals Council did not err in rejecting the Heuser Letter, and (4) Plaintiff failed to show that he was prejudiced by the ALJ's refusal to allow Plaintiff's attorney to appear telephonically. (*Id.* at 16–17, 12–13.)

**D. Plaintiff's Objection to the Report and the Commissioner's Reply**

On January 14, 2011, one day after the deadline for doing so had passed, Plaintiff filed an Objection [Doc. # 19] to the Report.[2] Plaintiff insists that the Appeals Council erroneously excluded the Heuser Letter and that the Magistrate Judge erroneously upheld the exclusion based on "post hoc" justifications. (Obj. at 2.)

In his Reply, the Commissioner maintains that the Magistrate Judge expressly considered the Heuser Letter in light of the entire record in determining that substantial evidence supported the ALJ's conclusions. (Reply [Doc. # 21] at 1.)

**III.**

**STANDARD OF REVIEW**

**A. Review of the Magistrate Judge's Report**

Federal Rule of Civil Procedure 72(b)(3) and 28 U.S.C. § 636(b)(1) set forth this

[2]Plaintiff concurrently filed a motion for leave to file late due to asserted technological difficulties with the Court's Electronic Case Filing system. [Doc. # 20.]

Court's duties in connection with Magistrate Judge Bencivengo's Report. The Court must "make a *de novo* determination of those portions of the report ... to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). *See also* Fed. R. Civ. P. 72(b) ("district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to").

**B. Review of the Commissioner's Denial**

In turn, the ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or if it is based upon legal error." *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its own judgment for that of the Commissioner. *Macri v. Chater,* 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007). The harmless-error rule applies. *See Booz v. Sec'y of Health & Human Servs.,* 734 F.2d 1378, 1380 (9th Cir. 1984).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

**C. "Disabled" under the Social Security Act**

"Disabled" under the Social Security Act comprises the determination that an individual is (1) unable to engage in substantial, gainful activity (2) by reason of any

medically determinable physical or mental impairment (3) that can be expected to result in death or that has lasted – or can be expected to last – for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Barnhart v. Thomas,* 540 U.S. 20, 23 (2003). The impairment(s) must result from anatomical, physiological, or psychological abnormalities demonstrable by medically-accepted clinical and laboratory diagnostic techniques. Moreover, they must be of such severity as to prevent the claimant from engaging in his previous work ***and*** from engaging in any other substantial and gainful work existing in the national economy. In considering the claimant's abilities, the SSA takes into account her age, education, and work experience. 42 U.S.C. §§ 423(d)(2)–(3), 1382c(a)(3)(B) & (D).

The process to determine whether a claimant – here, Plaintiff – is disabled within the meaning of the Act is broken down into five sequential, evaluative questions. 20 C.F.R. §§ 404.1520 and 416.920(a)(4); *Tackett v. Apfel,* 180 F.3d 1094, 1098–99 (9th Cir. 1999).

## IV.

## DISCUSSION

Plaintiff objects solely to Magistrate Judge Bencivengo's conclusion that the Appeals Council properly rejected the Heuser Letter. (Obj. at 3.) Consequently, the Court reviews the Appeals Councils' consideration of the Heuser Letter *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### A. The AC's Treatment of the Heuser's Letter and Its Stated Reasons Therefor

Plaintiff posits that the Heuser Letter supports his claim that he was disabled as of April 2000 and that the Appeals Council improperly discounted that letter. (MSJ at 6.) The Heuser Letter itself comprises a one-and-one-half-page letter from Plaintiff's physician, Gunnar Heuser, submitted to the Appeals Council on June 3, 2009. (AR at 25–27.) The entirety of the letter, which was dated March 31, 2009, is as follows:

> This patient was last seen in initial consultation in 2000 and then at intervals over the years, last on 3/2/2009.
>
> His history is one of exposure to a number of chemicals including mold and mold toxins.

> The complaints he developed are multisystem in nature and include impairment of brain, lung and immune functions.
>
> Over the years, his work-up has been extensive and by a number of physicians who specialize in the field of toxic exposure. These physicians include Dr. Rea [Texas], Dr. Johnson [Texas], Dr. Wasserberger [California], Dr. Moss [La Jolla, CA], Dr, Darken [Neuropsychologist in Texas], and others.
>
> Records from the above listed doctors were available and reviewed.
>
> He is also undergoing dental treatment for cavitation disease. Records regarding that treatment were also made available to me and were reviewed.
>
> He was trained as an industrial engineer, but has been unable to work for approximately 10 years.
>
> In view of his chemical intolerance and his impaired financial condition, he lived in his car for approximately 3 years until he was rescued by his family and has been living in an apartment for the last one and one-half years.
>
> Toxic encephalopathy and chemical intolerance may develop into life long [*sic*] conditions as they have in this particular case. The patient reacts strongly to everyday chemicals in his environment and is therefore in my opinion, totally disabled.
>
> Total disability is probably going to be life long [*sic*], but certainly will continue for a number of years since no cure for his conditions is available.

(AR at 26–27.) Twelve days after the first version of the letter was submitted, Plaintiff sent a second version of the letter to the Appeals Council. (*Id.* at 22.) The second version, dated May 26, 2009, differed in only one aspect: Dr. Heuser particularized the date of his initial consultation as "***4/4/2000***." (*Id.* at 23 [emphasis added].)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision. With regard to the post-hearing submission of the Heuser Letter(s), the Council found that Plaintiff had presented new information concerning a later, legally-unrelated period of time:

> We also looked at letters from Gunhar [*sic*] Heuser, M.D., dated March 31, 2009 and May 26, 2009; an opinion from Dan Harper, M.D. based on the February 2009 examination; and the DetoxiGenomic Profile by Alfred Johnson, D.O., dated July 21, 2005. The Administrative Law Judge decided your case through June 30, 2000, the date you were last insured for disability benefits. ***This new information is about a later time.***

> Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits.

(AR at 1–2 [emphasis added].)[3]

The gravamen of Plaintiff's Objection, thus, turns on the interpretation of the Heuser Letter. According to Plaintiff, the Heuser Letter "specifies that Mr. San Roman was disabled since [Dr. Heuser] first saw him in April of 2000." (MSJ at 6.) The Appeals Council appears to disagree and to read the date of Plaintiff's initial consultation separately from subsequent conclusions about Plaintiff's current condition.

The point is a legally significant one, as Plaintiff's disability-insurance coverage expired on June 30, 2000. (AR at 171.) To be eligible for disability benefits, Plaintiff must establish that he was permanently disabled ***before*** his disability-insurance coverage expired, on June 30, 2000. *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir. 1995) (holding that claimant "must prove that she was either permanently disabled or subject to a condition which became so severe as to disable her prior to the date upon which her disability insured status expires"). Plaintiff bears the burden of proving that he was disabled prior to June 30, 2000. *Johnson,* 60 F.3d 1428 (9th Cir. 1995).

The Court finds that Plaintiff cannot meet his burden with the Heuser Letter because that letter is, at best, amenable to multiple rational interpretations. In fact, Dr. Heuser does ***not*** specify the onset date of Plaintiff San Roman's disability: Dr. Heuser merely notes that ***he begun seeing Plaintiff in April 2000***, approximately 2 months before Plaintiff's disability-insurance coverage expired. In subsequent paragraphs, the Heuser Letter opines that Plaintiff developed "complaints" that include "impairment of the brain, lung and immune functions." (AR at 26.) Five paragraphs later, the Heuser Letter suggests that Plaintiff lost his home some 4 years before the letter was written – or in 2005 – and has been living in an apartment since 2008. Nowhere in the short and conclusory letter does the physician specify when Plaintiff's

---

[3]Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the administrative record for purposes of the Court's analysis. *Penny v. Sullivan,* 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole").

alleged disability began, much less assert that Plaintiff's disability started within the critical 12-month period necessary to establish his right to benefits.

Plaintiff may insist that his broader construction of the letter is correct, but so may the Appeals Council maintain ***its*** reading of the Heuser Letter. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the SSA. *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) ("Where the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's conclusions").

And, as the Magistrate Judge noted in those portions of the Report to which Plaintiff did not object, substantial evidence supports the denial of benefits to Plaintiff.

**B. Unobjected-to Findings and Recommendations**

Because consideration of the Heuser Letter is the only portion to which Plaintiff objects and because one rational interpretation of that letter favors the Commissioner, the Court hereby adopts the Magistrate Judge's Report. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) ("Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct."), *cert. denied,* 540 U.S. 900 (2003).

**V.**

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to File Objections 1-Day Late is **GRANTED**, but Plaintiff's Objection to the Magistrate Judge's Report is **OVERRULED**, and the Report of Magistrate Judge Cathy Ann Bencivengo is **ADOPTED** as the decision of this Court. Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's

//

//

//

Cross-Motion for Summary Judgment is **GRANTED**.

The Clerk of the Court is directed to enter judgment in this matter in favor of the Commissioner and to close the file in this case.

**IT IS SO ORDERED.**

Dated: February 15, 2011

**THE HONORABLE ROGER T. BENITEZ**
UNITED STATES DISTRICT JUDGE